1  PHILLIP A. TALBERT
   United States Attorney
2  ANTONIO J. PATACA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO. 1:21-CR-00279-DAD-BAM

12              Plaintiff,               STIPULATION REGARDING EXCLUDABLE
                                         TIME PERIODS UNDER SPEEDY TRIAL ACT;
13        v.                             FINDINGS AND ORDER

14 JESUS MANUEL LEPE,

15              Defendant.

16

17                           **BACKGROUND**

18        This case is set for a Status Conference on February 8, 2023.  On May 13, 2020, this Court

19 issued General Order 618, which suspends all jury trials in the Eastern District of California "until

20 further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

21 matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

22 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

23 discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

24 by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

25 request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

26 will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

27 previous General Orders were entered to address public health concerns related to COVID-19.

28        Although the General Orders address the district-wide health concern, the Supreme Court has

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
3  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
4  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
5  509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
7  or in writing").

8        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
9  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-
10  justice continuances are excludable only if "the judge granted such continuance on the basis of his
11  findings that the ends of justice served by taking such action outweigh the best interest of the public and
12  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
13  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
14  the ends of justice served by the granting of such continuance outweigh the best interests of the public
15  and the defendant in a speedy trial."  *Id.*

16        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such
19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
21  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*
22  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time
23  following the September 11, 2001 terrorist attacks and the resultant public emergency).

24        The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt
25  proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-
26  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act
27  continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL
28  1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

    2

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a status conference date of May 10, 2023. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for Status Conference on February 8, 2023.

2. By this stipulation, defendant now moves to continue the case and set a status conference on May 10, 2023, at 1:00 p.m., and to exclude time between February 8, 2023, and May 10, 2023, at 1:00 p.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes reports, photographs, criminal history, and records of prior convictions. All of this discovery has been produced directly to counsel and/or made available for inspection. The government conveyed an offer to plead guilty.

b) Counsel for defendant desires additional time to review discovery, conduct investigation and research related to the charges, conduct research into any mitigating factors, consult with his client, discuss a potential plea with the government, and to otherwise prepare for trial.

c) Counsel for defendant believes that failure to grant the above-requested

continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 8, 2023 to May 10, 2023, at 1:00 p.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  February 1, 2023                          PHILLIP A. TALBERT
                                                 United States Attorney


                                                 /s/ ANTONIO J. PATACA
                                                 ANTONIO J. PATACA
                                                 Assistant United States Attorney


Dated:  February 1, 2023                          /s/ DARRYL YOUNG
                                                 DARRYL YOUNG
                                                 Counsel for Defendant
                                                 JESUS MANUEL LEPE

## **ORDER**

IT IS SO ORDERED that the status conference is continued from February 8, 2023, to **May 10, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **February 1, 2023**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE